UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM M. MAGUIRE,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. EDCV 07-1047 AGR<br><br>MEMORANDUM OPINION AND ORDER |

    Jim M. Maguire filed this action on August 27, 2007. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on September 11 and 13, 2007. On June 24, 2008, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

    Having reviewed the entire file, the Court affirms the Commissioner's decision.

///

///

///

///

# I.

## PROCEDURAL BACKGROUND

On February 25, 2005, Maguire filed an application for supplemental security income benefits. A.R. 11. The application was denied initially and on reconsideration. A.R. 34-35. Maguire requested a hearing. A.R. 50. The Administrative Law Judge ("ALJ") conducted a hearing on November 28, 2006, at which Maguire and a vocational expert testified. A.R. 258-287. On February 15, 2007, the ALJ issued a decision denying benefits. A.R. 8-18. Maguire requested review of the ALJ's decision. A.R. 6. On June 27, 2007, the Appeals Council denied the request for review. A.R. 3-5. This lawsuit followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada,* 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

///
///
///

# III.

# DISCUSSION

## A. Definition of Disability

"A person qualifies as disabled, and thereby eligible for such benefits, 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation omitted).

## B. The ALJ's Findings

The ALJ found that Maguire has the following severe impairments: diabetes mellitus, obesity, and depression. A.R. 13. He found that Maguire has "the residual functional capacity to perform light work. Specifically, the claimant can lift and/or carry 10 pounds frequently and 20 pounds occasionally. Out of an 8-hour period, he can stand and/or walk for 2 hours and sit for 6 hours. Nonexertional limitations include no pushing/pulling with the legs, no work at unprotected heights, and no working in extreme temperature changes. The claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl. Mentally, he can perform entry level work with limited public contact." A.R. 14.

The ALJ found that Maguire could not perform his past relevant work. A.R. 17. However, the ALJ found that Maguire could perform other work that exists in significant numbers in the national economy. A.R. 18.

## C. Side Effects

Maguire argues that the ALJ erred in not considering the side effects of his medications. JS 3. Maguire's Function Report states that "medication seems to screw up my sleeping patterns." A.R. 88. Maguire did not testify that side effects interfered with his ability to work. There is no indication in the medical records that side effects interfere with his ability to work.

3

Under these circumstances, the ALJ did not err in not addressing side effects of medication in his decision. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (failure to expressly address side effect of medication is not error where there is no record support for side effect); *Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001) ("There were passing mentions of the side effects of Mr. Osenbrock's medication in some of the medical records, but there was no evidence of side effects severe enough to interfere with Osenbrock's ability to work."); *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985) (claimant bears burden of producing evidence that use of narcotic medication impaired his ability to work). Maguire's citation to *Varney v. Secretary of HHS*, 846 F.2d 581 (9th Cir. 1988), is inapposite. In *Varney*, the claimant testified that her medications caused "fairly severe side effects," including nausea, diarrhea, constipation, fatigue and swollen ankles. *Id.* at 585; *Id.* at 582. When she complained, her doctors told her that the medications were necessary and the side effects were unavoidable. *Id.* at 585. In that context, it was error for the ALJ not to take into account the impact of the side effects on Varney's ability to work. *Id.* By contrast, there is no testimony or other evidence that side effects interfere with Maguire's ability to work.

### D.   **Hypothetical to Vocational Expert**

The ALJ may rely on testimony a vocational expert (VE) gives in response to a hypothetical that contains "all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss*, 427 F.3d at 1217-18. The ALJ is not required to include limitations that are not in his findings. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Osenbrock*, 240 F.3d at 1165.

Maguire argues that the ALJ's hypothetical to the VE was incomplete because it omitted limitations caused by side effects. Given that the record contains no evidence of limitations on Maguire's ability to work caused by side

4

effects, the ALJ did not err. *Id.* (ALJ did not err in omitting side effects from hypothetical to VE when "there was no evidence of side effects severe enough to interfere with Osenbrock's ability to work").

Maguire further argues that the ALJ received an examining physician's report after the hearing. The ALJ notified Maguire's counsel that he received the report after the hearing and that counsel had the right to request a supplementary hearing or additional testimony. A.R. 19-20, 247-257. The record does not contain any request by Maguire in response to the ALJ's notice.[1]

Maguire cannot identify any limitations found by the examining physician that were not contained in the ALJ's hypothetical to the VE. Indeed, the ALJ's residual functional capacity assessment was **more** restrictive than the examining physician. *Compare* A.R. 14 *with* A.R. 251-255. The ALJ did not err.

### IV.

### ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: October 31, 2008

*alicia G. Rosenberg*

ALICIA G. ROSENBERG
United States Magistrate Judge

---

[1] The ALJ's notice stated if the ALJ did not receive a response within 10 days, he would assume that Maguire did not wish to request a supplementary hearing or additional testimony. A.R. 20.